UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH M. CRENSHAW, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:12CV861 JCH |
| ) | |
| JOAN M. CRENSHAW, ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Joan Crenshaw's Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, to Stay Proceedings, filed on June 22, 2012. ("Motion to Dismiss," ECF No. 7). This matter is fully briefed and ready for disposition.

**BACKGROUND**[1]

Plaintiff and Defendant Joan Crenshaw[2] were a married couple at all times relevant to the allegations in this lawsuit. (Complaint, ¶ 6). In 2000, Plaintiff purchased a ten-year term life insurance policy in the amount of $1,000,000.00 from ReliaStar Life Insurance Company ("ReliaStar"). (Id., ¶ 7). Plaintiff purchased this policy in his name alone, and he named himself as the insured. (Id.). This policy was renewed and extended in 2005. (Id.).

In November 2005, Plaintiff purchased a variable universal life insurance policy in the amount of $250,000.00 from ReliaStar. (Id., ¶ 8). Plaintiff also purchased this policy in his name alone, and he named himself as the insured. (Id.).

---

[1] The facts in the Court's background section are taken directly from Plaintiff's Complaint (ECF No. 1). Defendant has not yet filed an Answer to Plaintiff's Complaint.

[2] Defendant ReliaStar Life Insurance Company was dismissed from this action on July 20, 2012. Accordingly, Defendant Joan Crenshaw is the only defendant remaining in this action.

In November 2005, Plaintiff purchased another variable universal life insurance policy in the amount of $250,000.00 from ReliaStar. (Id., ¶ 9). Plaintiff also purchased this policy in his name alone, and he named Defendant as the insured. (Id.).

On October 16, 2011, Defendant presented Plaintiff with partial documents which she characterized as "routine paperwork" with regards to each of the three life insurance policies. (Id., ¶ 10). Defendant showed Plaintiff only the signature pages of the documents and directed Plaintiff to sign them. (Id., ¶¶ 10, 11). Plaintiff signed the documents in reliance on Defendant's characterization of the nature of the documents as routine paperwork with no significant effect on the policies. (Id., ¶ 12).

According to Plaintiff, his signature on the documents served to change the ownership of each of the insurance policies from Plaintiff to Defendant. (Id., ¶ 13). Plaintiff did not intend to change the ownership of the policies, and Defendant intended to mislead Plaintiff as to the nature of the documents he signed in order to fraudulently obtain Plaintiff's signature. (Id., ¶¶ 14, 15).

Plaintiff filed this action in this Court on May 14, 2012, on the basis of diversity jurisdiction. Plaintiff's Complaint contains two counts: Count I alleges fraud against Defendant and asks the Court to void the transfers of ownership of the life insurance policies or enter judgment against Defendant "in an amount in excess of $75,000," and Count II asks for a preliminary injunction against Defendant to prevent the sale or surrender of the life insurance policies at issue. As indicated above, Defendant filed her Motion to Dismiss on June 22, 2012, asserting that Plaintiff's Complaint should be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction or, in the alternative, that this action should be stayed pending the outcome of state court proceedings concerning the dissolution of Plaintiff and Defendant's marriage.

**DISCUSSION**

As stated above, Plaintiff maintains jurisdiction is proper under 28 U.S.C. § 1332, as there exists complete diversity of citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332 states in relevant part as follows:

(a)   The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--

(1)   citizens of different States;

28 U.S.C. § 1332(a)(1).

Defendant argues that the allegations in Plaintiff's Complaint do not establish the requisite amount in controversy and that diversity jurisdiction in absent in this case. Thus, Defendant asserts the Court lacks subject-matter jurisdiction over Plaintiff's claims.

**I.    Motion to Dismiss**

**A.    Amount in Controversy**

According to Defendant, the proper measure of the damages sought in this case is the cash surrender value of the insurance policies at issue. Defendant notes that, in a suit for declaratory or injunctive relief, the amount in controversy is the actual value of the object of the suit and not how a plaintiff subjectively values a right or what his or her good-faith estimate is of that right's objective value. Usery v. Anadarko Petroleum Corp., 606 F.3d 1017, 1019 (8th Cir. 2010). Thus, Defendant states that the value of the insurance policies is what the policies are worth in the marketplace, i.e., their cash surrender value. See id. Since the combined cash surrender value of the insurance policies is $37,537.91, Defendant asserts Plaintiff has not shown the requisite amount in controversy so as to enable the Court to maintain federal subject-matter jurisdiction over this action.

The United States Supreme Court has explained the amount in controversy requirement as follows:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.  It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.

St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938) (internal footnotes omitted).  The Eighth Circuit has held that, where a plaintiff seeks equitable relief pertaining to the enforcement of an insurance policy, "the appropriate measure of the amount in controversy....is the face value of the relevant [] insurance polic[y]...." In re Minnesota Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d 830, 834 (8th Cir. 2003) (citations omitted).  Thus, if a plaintiff were to receive the equitable relief requested in his lawsuit, "[he] would be due the face value of [his] policies upon [his] death, 'an event bound to happen.'"  Id. at 835 (citing Guardian Life Ins. Co. of Am. v. Muniz, 101 F.3d 93, 94 (11th Cir. 1996)).

Here, the Court finds Plaintiff has satisfied the amount in controversy requirement.  Although Defendant argues In re Minnesota and similar cases are distinguishable because they involve suits between insurers and insureds and concern the enforcement or validity of the insurance policies, the policy considerations at issue in those cases match the considerations at issue here.  Should Plaintiff receive the relief requested in his lawsuit (i.e., the avoidance of the transfers of the life insurance policies), Plaintiff's desired beneficiary or beneficiaries would be due the face value of the policies upon his death.  See In re Minnesota, 346 F.3d at 834.  The appropriate value of the insurance policies is, therefore, the face value of the insurance policies, not their current cash surrender value.  Thus, the Court finds that Defendant has not shown it a legal certainty that Plaintiff's Complaint seeks less than the jurisdictional amount.  See Red Cab, 303 U.S. at 288-89.

### B.     Diversity of the Parties

According to Defendant, Plaintiff and Defendant are both residents of Missouri. Defendant asserts that, although Plaintiff may be living in Florida at the present time, Plaintiff was a resident of Missouri at the time that he filed his Answer in the pending dissolution of marriage litigation between the parties and has presented no evidence that he intends to remain in Florida indefinitely.

Plaintiff disputes Defendant's characterization of Plaintiff's residency. Plaintiff states he moved to his current address in Florida on February 23, 2012, over a month after filing his Answer in the divorce proceedings and almost three months before filing his Complaint in this case. Plaintiff has presented evidence of Plaintiff's electric bill at an address in Florida for March - April 2012, Plaintiff's Florida voter registration with a registration date of March 22, 2012, and Plaintiff's Florida driver's license.  (See ECF No. 12, p. 5).

The party attempting to establish federal jurisdiction bears the burden of proof if diversity of citizenship is challenged. Blakemore v. Missouri Pacific R.R. Co., 789 F.2d 616, 618 (8th Cir. 1986); see also Janzen v. Goos, 302 F.2d 421, 424 (8th Cir. 1962) (where "a plaintiff's allegations of jurisdictional facts are challenged by the defendant, the plaintiff bears the burden of supporting the allegations by competent proof" ) (internal quotation omitted).

The Court finds that Plaintiff has shown by competent proof that Plaintiff is a citizen of Florida and was a citizen of Florida at the time he filed his Complaint. Thus, Defendant's Motion to Dismiss based on lack of subject-matter jurisdiction must be denied.

## II.     Motion to Stay

In the alternative, Defendant requests the Court stay this matter pending the outcome of Plaintiff and Defendant's divorce proceedings in state court. Upon consideration, the Court will deny Defendant's request for stay.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, to Stay Proceedings (ECF No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's request for oral argument is **DENIED** as moot.


Dated this 26th day of July, 2012.

                                           /s/Jean C. Hamilton

                                      UNITED STATES DISTRICT JUDGE